UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nancy J. Hail, | Case No. 21-cv-1855 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Rice County, | |
| Defendant. | |

Before the Court is Defendant Rice County's motion to dismiss Plaintiff Nancy J. Hail's complaint. (Dkt. 12.) For the reasons addressed below, the Court grants Rice County's motion to dismiss.

## BACKGROUND

Hail is a resident of New Prague, Minnesota. Rice County is a county in the state of Minnesota near New Prague.

Hail commenced this action on August 16, 2021. She alleges that "Rice County [and] Rice County Child Protection took [her] children" and that Rice County "had 96 day[s] to charge or provide due process" but "negated to do so." Hail also alleges that Rice County "fail[ed] to acknowledge the law." Hail requests that the Court "order the return of [her] children as well as any monetary relief as the Court sees fit." Attached to Hail's complaint are two documents, which state that Rachel Kubes "gives her Mom Nancy Hail, legal and binding, both conservator, and guardianship" of three children. The documents are signed by Nancy Hail and Rachel Kubes.

In October 2021, Rice County filed the pending motion to dismiss Hail's complaint. In support of its motion to dismiss, Rice County filed state court public records that provide additional context to the allegations in Hail's complaint.[1] On November 16, 2016, the Rice County District Court, Third Judicial District, involuntarily terminated Kubes's parental rights to her three children. In January 2017, Hail filed an emergency petition to be appointed guardian and conservator of Kubes's three children. Hail represented that she had moved into a home that could accommodate the children, whom she alleged that she had raised for most of their lives. The court dismissed Hail's petition as frivolous, observing that Hail should pursue adoption if she sought to become the children's legal custodian. Hail moved to intervene in the children's guardianship proceedings in March 2017. The court denied the request, finding that Hail's motion was frivolous because the children did not have open guardianship cases. The children's child-welfare cases were closed in December 2017 and January 2018 because the children were adopted.

## ANALYSIS

Rice County argues that the *Rooker-Feldman* doctrine bars the Court from exercising subject-matter jurisdiction over Hail's complaint. Because jurisdiction is a threshold requirement in every federal lawsuit, *see Sanders v. Clemco Indus.*, 823 F.2d

---

[1]   When evaluating a motion to dismiss, a court must "ignore materials outside the pleadings but may consider materials that are part of the public record or do not contradict the complaint, and materials that are necessarily embraced by the pleadings." *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 955 (8th Cir. 2020) (internal quotation marks omitted).

214, 216 (8th Cir. 1987), the Court addresses this ground for dismissal before reaching any other arguments for dismissal.

The *Rooker-Feldman* doctrine deprives federal district courts of subject-matter jurisdiction over certain claims related to state-court decisions. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482–84 (1983). Under this doctrine, a federal district court does not have subject-matter jurisdiction over any claim seeking direct review of a state-court judgment, *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007), or any claim that is "inextricably intertwined" with a state-court decision, *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (internal quotation marks omitted). The *Rooker-Feldman* doctrine applies only to cases brought by parties who received an unfavorable decision in state court and are "complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And the doctrine "applies only in limited circumstances, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (internal quotation marks and citation omitted). Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S at 486.

3

Hail alleges that Rice County violated her due-process rights, guaranteed by the United States Constitution, in the state-court proceeding that resulted in the adoption of her grandchildren by other people. She seeks the "return of [her] children." According to state-court records, the state court denied as frivolous Hail's two motions for emergency guardianship of her grandchildren and Hail's two motions to intervene in the adoption of her grandchildren. The state court also denied Hail's subsequent request for a hearing and closed the children's child-welfare cases because the children were adopted. Hail is, in effect, seeking to appeal the state-court decisions denying her motions for guardianship and motions to intervene. Granting the relief Hail requests would require this Court to overturn the adoptions of the three children, which were sanctioned by the Rice County District Court, a state court. *Cf. Johnson v. LaSalle Bank Nat'l Ass'n*, 663 F. Supp. 2d 747, 761 (D. Minn. 2009) (observing that if a father whose parental rights have been terminated "sues in federal court for the return of his son[,] . . . he is complaining of an injury caused by the state judgment and seeking its reversal"). Because federal district courts do not have subject-matter jurisdiction over claims "arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional," *Feldman*, 460 U.S at 486, the Court lacks subject-matter jurisdiction over this action under the *Rooker-Feldman* doctrine.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Rice County's motion to dismiss, (Dkt. 12), is **GRANTED**.

2.  Plaintiff Nancy J. Hail's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 24, 2022                        s/Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge